IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ESTEVERNICO A. MITCHELL, | ) |
| Petitioner, | ) ) ) |
| v. | ) Civil Action No. 2:17cv150-WKW ) (WO) |
| DR. DARRYL HAMILTON, *et al.*, | ) ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

On March 13, 2017, Estevernico A. Mitchell ("Mitchell"), an Alabama inmate incarcerated at the Elmore Correctional Facility, brought this civil action through a document he styles as a Petition for Writ of Habeas Corpus. Doc. No. 1. Mitchell asks this court to order the Alabama state courts to reinstate his medical malpractice lawsuit on the state court docket. *Id.* at 2. That lawsuit was apparently dismissed on statute of limitation grounds, with the Alabama Supreme Court entering a certificate of judgment on January 31, 2017. *Id*. at 4.

**II.  DISCUSSION**

While Mitchell may take issue with a state court judgment, he is not, by his petition, seeking release from his incarceration under a state court judgment or a reduction in his state sentence.[1] Nor is he challenging the constitutionality of his incarceration. Therefore, despite the way he has styled his petition, Mitchell is not seeking relief obtainable through a petition for writ of habeas corpus under 28 U.S.C. § 2254 or § 2241. Mitchell is asking this court to compel state judicial officials to take a specific action regarding a civil lawsuit he brought in state court. Based

---

[1] Mitchell is currently serving sentences for convictions in the Mobile County Circuit Court on charges of second-degree rape and first-degree theft of property.

on the claims he raises and the relief he seeks, Mitchell's instant action should be construed as a petition for writ of mandamus.

In other words, Mitchell requests mandamus relief compelling action by the Alabama state courts (reinstatement of his medical malpractice lawsuit on the state court docket). But federal courts are without jurisdiction to issue writs compelling action by city or state officials in the performance of their duties where mandamus relief is sought.[2] *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973); *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Gurley v. Superior Court of Mecklenburg Cty.,* 411 F.2d 586, 587 (4th Cir. 1969).

Because this court has no mandamus jurisdiction over the Alabama state courts, it lacks authority to grant the mandamus relief requested by Mitchell. Consequently, Mitchell's petition, herein construed as a petition for writ of mandamus, should be denied.

### III.   CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that the petition for writ of mandamus (Doc. No. 1) be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before March 31, 2017. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and

---

[2] The All Writs Act provides "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Act's statutory language, "in aid of their respective jurisdictions," does not empower a district court to create jurisdiction where none exists. *Gehm v. New York Life Ins. Co.*, 992 F. Supp. 209, 211 (E.D.N.Y. 1998). "To the contrary, a court may issue orders under the Act only to protect a previously and properly acquired jurisdiction." *Id.* This court does not have a "previously acquired jurisdiction" over Mitchell's medical malpractice lawsuit brought in the Alabama state courts.

recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    Done this 17th day of March, 2017.

                                            /s/  Wallace Capel, Jr.
                                  CHIEF UNITED STATES MAGISTRATE JUDGE